IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr205-MHT |
| **ARTIE SCARVER** | ) | (WO) |

### ORDER

This cause is before the court on defendant Artie Scarver's unopposed motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for May 20, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity or the defendant." § 3161(h)(1)(A).  It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Scarver in a speedy trial. According to the preliminary report of Dr. Robert

2

Shaffer, a forensic psychologist, Scarver is intellectually stunted and may have significant neurological damage due to brain trauma.  Dr. Shaffer recommends further testing to determine the extent of Scarver's neurological impairments; to this end, Scarver's counsel is pursuing a functional magnetic resonance imaging (FMRI) assessment for Scarver.  Scarver's counsel needs more time to investigate further Scarver's psychological issues, which will be relevant to examining his competency to stand trial and to determining his sentence in the event of conviction.

In addition, at the request of the government, this court, on April 5, 2013, ordered that Scarver be removed "to the custody of the warden of an appropriate institution as may be designated by the Attorney General where ... Scarver is to be committed for the purpose of being observed and examined for a period of not-more-than 45 days by one or more qualified psychiatrists at the institution" pursuant to "18 U.S.C. § 4242(a); 18 U.S.C.

§ 4247(b)." Order (doc. no. 78). This court further ordered that, "The examining psychiatrist or psychiatrists conducting the mental examination of ... Scarver shall report in writing to this court within 45 days from the date of ... Scarver's arrival at the institution as to their findings, opinions, and conclusions as to (a) the competency of ... Scarver and specifically whether in their opinion ... Scarver may currently be insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to assist properly in his own defense; and (b) the competency or incompetency of ... Scarver at the time the alleged offenses were committed" pursuant to "18 U.S.C. § 4241(b); 18 U.S.C. § 4247(c)(4)(A) & (B)." Id.

For all of the above reasons, it is impossible for Scarver to be ready for trial on May 20. A continuance is essential.

***

Accordingly, it is ORDERED as follows:

    (1) Defendant Artie Scarver's second motion to continue trial (doc. no. 30) is granted.

    (2) The jury selection and trial, now set for May 20, 2013, are continued generally.

    DONE, this the 6th day of May, 2013.

                                       /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**