IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr205-MHT |
| | ) | (WO) |
| **ARTIE SCARVER** | ) | |

OPINION AND ORDER

This criminal cause is now before the court on the question of whether defendant Artie Scarver has the mental capacity to stand trial.  The court finds that Scarver is currently incompetent to stand trial, and the court will commit him to the Attorney General for a reasonable period of time not to exceed four months.

Based upon the forensic competency re-assessment submitted by Dr. Robert D. Shaffer, Ph. D. (doc no. 54), the parties have stipulated that Scarver "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequence of the proceedings

against him and unable to properly assist in his defense." Joint Motion to Cancel Competency Hearing (Doc. No. 57) at 1. The court adopts that finding, and concludes by a preponderance of the evidence that Scarver is currently incompetent pursuant to 18 U.S.C. § 4241(d).

Section 4241(d) provides that, upon making that determination, the court "shall commit the defendant to the custody of the Attorney General." Id.; see also United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990) (finding this provision is mandatory and that the court has no authority to avoid it). The Attorney General is then required to hospitalize the defendant "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). The parties agree that hospitalizing Scarver for a reasonable period up to four months is the required course in this case.

However, the court notes that given the nature of Scarver's mental impairment, it appears extremely unlikely that he will ever recover. Scarver suffers from mental retardation, not mental illness; this casts grave doubt on the likelihood of his recovery:

> "[T]he concept of 'recovery' from mental retardation is problematic, at best. 'Intellectual impairment at the level that constitutes mental retardation is not "curable" or "changeable" in the ordinary sense of those terms.' Ellis[, Decisions By and For People with Mental Retardation: Balancing Considerations of Autonomy and Protection, 37 Vill. L.Rev. 1779, 1787 (1992)]. Mental illness--the paradigm for 18 U.S.C. § 4241--is 'an organic condition with psychologic or behavioral manifestations,' Fairchild [v. Lockhart, 744 F.Supp. 1429,] 1455, which is, 'for many individuals, a sporadic, episodic, or temporary phenomenon.' Ellis at [1787]. In contrast, mental retardation 'is not an illness, but rather a limitation on a person's ability to learn.' Fairchild, 744 F.Supp. at 1455. 'Although people with mental retardation are capable of gaining (or losing) skills over time, the level of an individual's underlying intellectual impairment does not change appreciably.' Ellis at [1790]."

United States v. Cockrell, 1997 WL 1876542 at *6 (M.D. Ala. 1997) (Walker, M.J.).  Nevertheless, the statute is clear: the court must commit Scarver to the Attorney General to make the determination required under 18 U.S.C. § 4241(d)(1).  However, at Scarver's suggestion and with the government's agreement, the court will look ahead to the next step in this process.

If at the end of a reasonable period of time it is determined that Scarver's mental condition "has not so improved as to permit proceedings to go forward," 18 U.S.C. § 4241(d), then he will be subject to the civil commitment procedures of 18 U.S.C. § 4246.  See 18 U.S.C. § 4241(d).  Section 4246(a) provides that under those circumstances the director of the facility in which Scarver is hospitalized may certify to the court that Scarver "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are

not available." 18 U.S.C. § 4246(a). The court would then hold a hearing on that issue.

Thus, in the interests of judicial economy and with the consent of the parties, the court will order that the Attorney General determine not only (1) whether there is a substantial probability Scarver will become competent, pursuant to 18 U.S.C. § 4241(d)(1), but also (2) whether he poses a substantial risk as a result of his mental condition, pursuant to 18 U.S.C. § 4246(a).

***

Accordingly, it is ORDERED as follows:

(1) Defendant Artie Scarver is declared mentally incompetent to stand trial in this cause and is recommitted to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d).

(2) The Attorney General shall, pursuant to 18 U.S.C. § 4241(d)(1), hospitalize defendant Scarver for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to

determine whether there is substantial probability that in the foreseeable future defendant Scarver will attain the capacity to permit his trial to proceed.

(3) Additionally, the director of the facility in which defendant Scarver is hospitalized shall, pursuant to 18 U.S.C. § 4246(a), determine whether defendant Scarver is currently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and, if so, whether suitable arrangements for State custody and care of Scarver are available.

(4) The medical personnel supervising defendant Scarver's treatment shall produce a brief status report every 30 days summarizing defendant Scarver's condition, progress, and course of treatment.

(5) Said status report, as well as any additional or final reports on defendant Scarver's medical or psychological condition, shall be disclosed to defense

counsel and the United States Attorney and filed with this court under seal.

DONE, this the 13th day of November, 2013.

                                    /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**