IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr205-MHT |
| | ) | (WO) |
| ARTIE SCARVER | ) | |

OPINION AND ORDER

Defendant Artie Scarver is charged in, and has pled not guilty to, a one-count indictment of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In light of the court's earlier finding that Scarver is mentally incompetent to stand trial, United States v. Scarver, 2013 WL 6009543 (M.D. Ala. 2013), this case is before the court again, this time on the following three questions: (1) whether there is a substantial probability that Scarver will become competent to stand trial in the foreseeable future; (2), if the answer to question one is "no," whether his release would pose a risk to society; and (3), if the answer to question two is also "no," whether his release should be subject to special conditions.  See 18 U.S.C.

§§ 4241(d)(1), 4246(a), 4243(f)(1)(A).  Based on the
evidence presented in the record and at a hearing on May
13, 2014, the court answers "no" to the first two
questions and "yes" to the last.


I. Procedural Background

Due to concerns about Scarver's mental health, this
court held a hearing to determine whether he was
competent to stand trial.  Based on testimony from Dr.
Robert D. Shaffer, who had conducted a forensic
psychological examination of Scarver, the court declared
Scarver mentally incompetent and committed him to
hospitalization by the Attorney General for a
determination of whether there is a "substantial
probability that in the foreseeable future" he will
attain the capacity to permit a trial to go forward, 18
U.S.C. § 4241(d)(1).  United States v. Scarver, 2013 WL
6009543 (M.D. Ala. 2013).  Additionally, the court
requested the director of the hospital facility, where

Scarver is housed, to determine whether Scarver's release would create a "substantial risk of bodily injury to another person or serious damage to property of another due to his mental condition" pursuant to 18 U.S.C. 4246(a).  Id.

A forensic evaluation, later submitted by the Federal Bureau of Prisons, states, first, that Scarver continues to suffer from "Intellectual Developmental Disorder," a mental disease that has rendered him incompetent to stand trial, and, second, that he cannot be restored.  Butner Forensic Evaluation (Doc. No. 67).  Additionally, the evaluation states that his release does not pose a substantial risk of bodily injury to another person or serious damage to property.  Id.  Finally, the evaluation lists conditions that would likely decrease any propensity for violence, including receiving long-term substance-abuse treatment and random drug testing and attending an alcohol-treatment program.  Id.

3

This court's Probation Department has recommended
some additional special conditions should this court
order that Scarver be released.


## II. Discussion

First, in light of the court's earlier finding that
Scarver is mentally incompetent to stand trial, federal
law requires the court to determine whether "there is a
substantial probability that in the foreseeable future he
will attain the capacity" to go forward for trial.   18
U.S.C. § 4241(d)(1).   Based on the evidence presented,
the court finds that Scarver continues to suffer from
"Intellectual Developmental Disorder," Butner Forensic
Evaluation (Doc. No. 67), and that, as a result, he
cannot understand the basic elements of the charges
against him and the trial process and has significant
difficulties in generating the level of analysis and
decision making required for assisting counsel in his
defense.   Id.   The court further finds that, due to the
nature of his mental impairment, he is not restorable and

thus that there is not a substantial probability that he will be competent to stand trial in the foreseeable future.  Id.

Second, the court must determine, pursuant to 18 U.S.C. § 4246(a), whether Scarver's release "would create a substantial risk of bodily injury to another person or serious damage to property of another."  Again, based on the evidence presented, the court finds that Scarver's current mental state and behavior during his time of incarceration do not demonstrate a propensity for violence or aggression towards others; that his past violence and aggression to others were largely due to his use of alcohol and drugs; and that it appears that his use of alcohol and drugs can be redressed through treatment.  The court, therefore, finds that Scarver is due to be released, albeit subject to conditions that will reduce his likelihood for violence and aggression and subject to the condition that he not possess a gun.

Third, 18 U.S.C. § 4243(f)(1)(A) provides that the court may require Scarver to follow "a prescribed regimen

of medical, psychiatric, or psychological care or treatment that has been prepared for him" and found appropriate by the court.  As stated, the evidence reflects that Scarver's prior criminal and violent behavior towards others was closely tied to his problems with alcohol and drug abuse and that his compliance with long-term substance-abuse treatment and random drug testing is likely to decrease any risks he may pose to others or their property.  The court will therefore require that he be released subject to these conditions as well as the condition that he not possess a gun.

The court also finds that requiring Scarver to submit to vocational training and employment, as well as the other standard conditions of supervised release on file with the court, will decrease his likelihood of substance abuse and therefore minimize any risk he poses to society. The court will therefore require that his release be subject to these conditions as well.

Before concluding, the court will make two more important points.  First, the court will revisit, within

one year, the question of whether Scarver's release should be continued and, if so, whether it should be subject to the current conditions.  Second, the court notes that Scarver's conditions are 'indefinite' and thus could last one year, five years, or theoretically as long as he lives.  The court therefore has an independent and important obligation to make sure that the conditions are in place only so long as they are reasonably needed--and no longer.  In this latter regard, when the court revisits the conditions within a year, the court will focus on two matters, among others: first, whether Scarver has complied with all conditions and, second, whether the court still needs to impose and monitor the primary conditions (that he not use drugs and alcohol and not possess a gun) to assure his compliance with them in the future.  Therefore, Scarver has not only an obligation to comply with all conditions, he also has an obligation to learn, if he can, the self-control needed to comply with the primary ones that he  not use drugs and alcohol and not possess a gun even when these primary

7

ones are not being imposed and monitored by the court;
correspondingly, Scarver's probation officer has the dual
duties of monitoring Scarver's compliance with all
current conditions and of helping him to acquire, if he
can, the self-control needed to comply with, in the
absence of court imposition and monitoring, the primary
conditions that he not use drugs and alcohol and not
possess a gun.

***

Accordingly, it is ORDERED as follows:

(1) It is DECLARED that there is no substantial
probability that defendant Artie Scarver will attain the
capacity to permit trial to go forward in the foreseeable
future.

(2) It is DECLARED that defendant Scarver's release
would not create a substantial risk of bodily injury to
another person or serious damage to property of another
if his release is subject to certain conditions.

8

(3) Defendant Scarver is released under the following "special conditions":

(a) He is to report to his probation officer as directed by the court or his probation officer and he is to follow the instructions of his probation officer.

(b) He is not to change his residence without prior approval of the court or his probation officer.

(c) He is not to leave the Middle District of Alabama without prior approval of the court or his probation office.

(d) He is not to commit a federal, state, or local crime, and, if he does, he is to notify immediately his probation officer.

(e) He is not use, consume or possess alcohol or any illicit drugs. He is also not to associate with individuals consuming alcoholic beverages; and also he is not to go to business establishments whose primary product to the consumer is alcoholic beverages or where controlled substances are illegally sold, used, distributed, or administered.

9

(f) He is to participate in a program of alcohol monitoring and testing as administered by the United States Probation Office.

(g) He is to participate in a program of drug testing as administered by the United States Probation Office.

(h) He is to participate in a program approved by the United States Probation Office for substance-abuse treatment, including one for alcohol and drug abuse. He is to contribute to the cost of any treatment based on his ability to pay and the availability of third-party payments.   He must   remain   in   treatment   until satisfactorily discharged with the approval of his probation officer.

(i) He is not to possess any real or imitation firearm, destructive device, or other dangerous weapon, and he is not to live in a place where such a weapon is present.

(j) He is to submit to a warrantless search of his person, residence, office, and vehicle pursuant to the

10

search policy of this court for the purpose of determining compliance with this order.

(k) He is to seek or maintain employment or vocational training as directed by his probation officer.

It is further ORDERED that defendant Scarver is subject to, and shall comply with, the "standard conditions" of supervised release on file with this court.

It is further ORDERED that defendant Scarver's violation of any of the conditions (special or standard) set forth in this order will subject him to revocation of his release and his return to custody.

It is further ORDERED that defendant Scarver, the United States Attorneys Office, and the Probation Department may seek modification of these conditions at any time.

It is further ORDERED that a hearing is set for May 15, 2015, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, to determine whether

11

defendant Scarver's release should be continued and, if so, whether it should continue to be subject to the conditions set forth in this order or otherwise modified.

DONE, this the 19th day of May, 2014.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE